# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket Nos. 50924 & 51199

| | | |
|---|---|---|
| In the Matter of the Estate of Victoria H. Smith, Deceased. | ) ) | |
| ------------------------------------------------- | ) | |
| VERNON K. SMITH, JR., individually, and in his capacity as the former attorney-in-fact, agent and/or fiduciary for Victoria H. Smith and/or the Estate of Victoria H. Smith, and in any other capacity relevant to these proceedings; DOES 1-20, | ) ) ) ) ) ) ) | Boise, April 2026 Term<br><br>Opinion Filed: July 7, 2026 |
| Plaintiff-Appellant, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | |
| FORD ELSAESSER, Personal Representative of the Estate of Victoria H. Smith, Deceased, | ) ) ) | |
| Respondent, | ) ) | |
| and, | ) ) | |
| Members of the GIVENS PURSLEY, LLP law firm, including, but not limited to, RANDALL A. PETERMAN, and ALEX P. MCLAUGHLIN, Attorneys acting on behalf of the Estate, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Cheri C. Copsey, District Judge.

The decisions and judgment of the district court are <u>affirmed</u>.

Vernon K. Smith, Appellant *pro se*. Vernon K. Smith argued.

Givens Pursley, LLP, Boise, for Respondent, Ford Elsaesser. Morgan D. Goodin argued.

---

MEYER, Justice.

This consolidated appeal is the latest in a long line of appeals regarding the supervised probate of the Estate of Victoria H. Smith (the "Estate"). In this appeal, Vernon K. Smith challenges the district court's orders (1) denying Smith's petitions to remove the Estate's Personal Representative (the "PR"); (2) denying Smith's motion to disqualify the district court judge; (3) granting Smith's brother's request for sanctions; (4) denying Smith's motion to disqualify the PR's counsel; and (5) denying Smith's motions to farm certain property of the Estate. Smith also challenges the district court's Rule 70(b) judgment from 2017, which this Court previously affirmed. *In re Estate of Smith*, 164 Idaho 457, 474, 432 P.3d 6, 23 (2018). For the reasons set forth below, we conclude that Smith's briefing does not meet the standard for an appeal under Idaho Appellate Rule 35(a) and as such, his arguments are forfeited. Therefore, the challenged decisions and judgment of the district court are affirmed.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Although we decline to consider the merits of Smith's appeals for the reasons explained below, the following factual and procedural background are set forth to provide context for our ruling. "This matter has a long and convoluted backstory spanning multiple cases and appeals." *Elsaesser v. Riverside Farms, Inc.*, 170 Idaho 502, 505, 513 P.3d 438, 441 (2022). However, we recently set forth the relevant backstory to this appeal in *Elsaesser v. Smith* (*In re Smith*), ___ Idaho ___, ___, 571 P.3d 425, 426–27 (2025), which concerned an ADJ's prefiling order declaring Smith a vexatious litigant based on the pro se filings at issue in this appeal. Concisely stated:

> [I]n 1990, Victoria prepared a holographic will that left her entire estate to Smith and disinherited her other two children. *Idaho State Bar v. Smith*, 170 Idaho 534, 539, 513 P.3d 1154, 1159 (2022). Smith was the only person present when Victoria executed the will. *Id.* Following Victoria's death, Smith's brother successfully challenged Victoria's holographic will as being procured through Smith's undue influence and obtained a court order determining that Victoria died intestate. *Id.* at 541, 544, 513 P.3d at 1161, 1164. The court appointed a [PR] for the estate and the estate has been administered as an intestate supervised administration. The handling of Victoria's estate has been highly contentious, resulting in multiple appeals to this Court. *See, e.g.*, *In re Est. of Smith*, 164 Idaho 457, 432 P.3d 6 (2018); *Smith ex rel. Smith v. Treasure Valley Seed Co.*, 161 Idaho 107, 383 P.3d 1277 (2016); *Smith ex rel. Smith v. Treasure Valley Seed Co.*, 164 Idaho 654, 434 P.3d 1260 (2019).
>
> Subsequently, the Idaho State Bar filed a complaint against Smith, alleging that he violated the Idaho Rules of Professional Conduct in connection with actions he took related to Victoria's estate. *See Idaho State Bar*, 170 Idaho 534, 513 P.3d 1154. The disciplinary proceeding ultimately made it to this Court. *See id.* We affirmed the Idaho State Bar Professional Conduct Committee's determination,

2

suspended Smith from the practice of law for five years, and imposed conditions that he must meet before seeking reinstatement. *Id.* at 554–56, 513 P.3d at 1174–76.

*Id.*

In 2023, Smith made numerous pro se motions in the probate proceeding, all of which were denied by the district court. *Id.* at ___, 571 P.3d at 427–28, 431. The following motions are pertinent to this appeal:

- *Smith's petition to remove the PR*

  Smith petitioned for removal of the PR under Idaho Code section 15-3-611 for breaching a fiduciary duty owed to the heirs of the estate. The district court denied the petition after determining that Smith had argued an incorrect standard for removal and that there [was] no evidence to support his petition.

- *Smith's petition to remove and motion to disqualify the PR's counsel*

  Smith also petitioned for the removal of the PR's counsel under Idaho Code section 15-3-611 and claimed that the PR's counsel had also breached his fiduciary duty to the heirs of the estate. Smith later conceded that the statute did not authorize the removal of the PR's counsel. As a result, the district court struck references to removal of the PR's counsel from Smith's petition for removal.

  The day after conceding that section 15-3-611 was not a basis to remove the PR's counsel, Smith filed a motion to disqualify counsel from defending the petition for removal of the PR. He claimed that the counsel's representation of the PR would breach a fiduciary duty to Smith and [constitute] a conflict of interest.

  The district court denied Smith's motion to disqualify counsel after determining that Smith's argument was "frivolous and without merit." The district court concluded that none of Smith's legal citations supported his position, but rather Idaho law established that the PR's counsel did not owe Smith a fiduciary duty. The district court noted that the motion had no basis in law or fact and was made for the purpose of harassing the PR.

- *Smith's third motion to disqualify the district court judge*

  Smith moved to disqualify the district court judge three times. In his third motion, which he filed pro se, Smith sought to remove the district court judge, with or without cause, from hearing Smith's petition for removal of the PR. Although Smith's motion stated it would be supported by a memorandum and declarations, Smith waited nearly a month before filing them.

  The district court denied the motion after determining that the motion to disqualify without cause was both untimely under Idaho Rule of Civil Procedure 40(a) and contrary to this Court's pandemic-related emergency orders that precluded litigants from disqualifying a presiding judge without cause. The district court determined the motion was "fundamentally frivolous."

3

The district court also denied Smith's motion to disqualify for cause. It rejected Smith's arguments that the court could not decide a motion to remove a PR that it had appointed and that the court had become an interested party. The court concluded that Smith and the other heirs had stipulated to the PR's appointment and that Smith failed to present any facts demonstrating that the court was biased.

- *Smith's opposition to his brother's motion for sanctions*

Smith's brother filed a motion for sanctions against Smith concerning his third motion to disqualify the district court judge. Smith filed a response and objection to the motion for sanctions that reiterated the same arguments made in his third motion to disqualify. The district court granted the motion for monetary sanctions after determining that the third disqualification motion lacked a factual and legal basis.

- *Smith's motions and objections relating to property of the estate*

The district court entered an order prohibiting the planting of crops on the estate's property without court permission. Smith filed a motion seeking authorization to plant crops on the property. The district court denied Smith's motion. Just three days later, Smith again moved for an order to "immediately authorize planting of crops and farming" the property. The district court again denied the motion.

*Id.* at ___, 571 P.3d at 427–28.

Smith subsequently filed several pro se notices of appeal from the district court's orders. However,

> [t]his Court struck the original notice of appeal because Smith included "Attorney at Law" under his name despite having been suspended from the practice of law. Smith subsequently filed four amended notices of appeal. This Court conditionally dismissed the first amended notice of appeal because Smith continued to include "Attorney at Law" under his name and conditionally dismissed the fourth amended notice of appeal because the requisite fees had not been paid for preparation of the record and transcript. Smith subsequently cured the defects.

*Id.* at ___, 571 P.3d at 428.

Thereafter, Smith again petitioned for removal of the PR under Idaho Code section 15-3-611, arguing that the PR breached a fiduciary duty by failing to prevent a noxious weed infestation on the Estate's property. The district court denied the petition after determining that Smith was the "real culprit" who caused the noxious weed infestation, and that Smith pursued his second petition "frivolously and without factual foundation." Smith then filed a new appeal from this order.

While Smith's appeals were pending, the PR's attorneys, who were represented by outside counsel, moved to dismiss the appeal of the district court's order denying Smith's motion to disqualify the PR's attorneys. This Court entered an order granting the motion.

4

## II.     ANALYSIS

**A. Smith's requests for judicial notice are denied.**

As an initial matter, we address Smith's requests for this Court to take judicial notice of various documents pursuant to Idaho Rule of Evidence 201(c). In his briefing, Smith requests we take judicial notice of (1) the transcript from a hearing that occurred on July 8, 2021, (2) a "2269-page Financial Accounting," (3) an "Official Inventory and Appraised Valuation Report" filed on August 7, 2017, (4) the "probate Record," (5) a petition filed by the PR on May 15, 2017, (6) Smith's motions to disqualify the presiding judge, and (7) "the Dismissal Orders." During oral argument, Smith also requested this Court take judicial notice of a transcript from a hearing, but did not specify the hearing date. The following exchange occurred:

| | |
|---|---|
| Smith: | She [the district judge] instructed the personal representative to file a suit against Vernon K. Smith and against all necessary and indispensable parties. |
| Chief Justice Bevan: | Can you point me to where in the record is the -- where in the record is the evidence that she instructed the personal representative to file suit against this entity? |
| Smith: | During the oral hearing. |
| Chief Justice Bevan: | Where is it noted in the record? Page, line, please. |
| Smith: | What I will submit then to you is a request to take judicial notice under Idaho Rules of Evidence 201 part c. And I will then cite to you the hearing date so that you can review what in fact she had them do. |
| Chief Justice Bevan: | Is that in the record before us Mr. Smith? You know we don't just go searching through -- |
| Smith: | Not currently in the record before you, but it is *available* to be before you pursuant to the judicial notice. And you will then see -- |
| Chief Justice Bevan: | We will take your motion for taking judicial notice under advisement and render a decision in due course on that, allowing the [the PR] to address it. |

(Emphasis added.) Smith did not, however, provide this Court with the hearing date or the relevant portion of the transcript following oral argument.

"Judicial notice of adjudicative facts may be taken 'at any stage of the proceeding.'" *Castell v. Money Metals Exch., LLC.*, 174 Idaho 843, 850, 560 P.3d 990, 997 (2024) (quoting I.R.E. 201(d)). "Thus, this Court may take judicial notice of an adjudicative fact for the first time on appeal." *Id.* (citation modified) (quoting *Hennig v. Money Metals Exch., L.L.C.*, 174 Idaho 143,

150, 551 P.3d 1237, 1244 (2024)). However, we decline to take judicial notice of the matters Smith identified because he failed to comply with Idaho Appellate Rule 30(a).

"[M]atters to be judicially noticed by the Supreme Court must be augmented in the settled record by motion under [Idaho Appellate Rule] 30(a) with a motion and all relevant documents attached." *Castell*, 174 Idaho at 850, 560 P.3d at 997 (second alteration in original) (quoting *Ellis v. Ellis*, 167 Idaho 1, 5 n.2, 467 P.3d 365, 369 n.2 (2020)). "If the party requesting that notice fails to comply with these requirements, the documents for which judicial notice is sought will not be considered by this Court." *Id.* (quoting *Ellis*, 167 Idaho at 5 n.2, 467 P.3d at 369 n.2). Here, Smith did not attempt to augment the settled record with any of the matters he seeks to be judicially noticed under Idaho Appellate Rule 30(a). Therefore, Smith's requests for judicial notice are denied.

**B. We decline to consider the merits of Smith's appeals.**

As set forth above, Smith challenges the district court's orders (1) denying Smith's petitions to remove the PR; (2) denying Smith's motion to disqualify the district court judge; (3) granting Smith's brother's request for sanctions; (4) denying Smith's motion to disqualify the PR's counsel; and (5) denying Smith's motions to farm certain property of the Estate. Smith also challenges the district court's Rule 70(b) judgment from 2017, which the Court previously affirmed. *In re Estate of Smith*, 164 Idaho at 474, 432 P.3d at 23. However, we decline to address the merits of Smith's arguments due to the significant defects in his briefing. The Idaho Appellate Rules contain specific requirements for an appellant's briefing:

> **(a) Appellant's Brief.** The brief of the appellant shall contain the following divisions under appropriate headings:
>
> (1) *Table of Contents*. A table of contents, with page references, which shall include an outline of the Argument section of the brief.
>
> . . . .
>
> (3) *Statement of the Case.* (i) A statement of the case indicating briefly the nature of the case. (ii) The course of the proceedings in the trial or the hearing below and its disposition. (iii) A concise statement of the facts.
>
> . . . .
>
> (6) *Argument*. The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon.

I.A.R. 35(a)(1), (3), (6).

6

Smith's briefing does not comply with these requirements. First, we note that Smith's table of contents does not include "an outline of the Argument section of the brief" as required by Rule 35(a)(1). Second, Smith does not detail the course of the proceedings below or the proceeding's disposition as required by Rule 35(a)(3)(ii). Instead, in the "course of proceedings" sections of his briefing, Smith simply lists, without context, the titles of roughly 152 documents filed during probate along with each document's filing dates and record citations. Third, Smith's briefing also does not contain "[a] concise statement of the facts" as required by Rule 35(a)(3)(iii). Instead, in his brief for Docket No. 50924, he states that "[t]he facts relevant to this appeal relating to the Issues raised are addressed within the arguments presented," which does not occur. And, in his brief for Docket No. 51199, his statement of "facts" largely consists of conclusory assertions and unfounded attacks on the district court and the PR.

Fourth, and most critically, Smith's briefing does not comply with Rule 35(a)(6) because it lacks cogent argument. "Idaho Appellate Rule 35(a)(6) requires appellants to do more than point to background facts underlying their position; it requires 'reasons' those facts constitute legal error with 'citations to the authorities, statutes and parts of the transcript and record relied upon.'" *Wood v. Idaho Transp. Dep't*, 172 Idaho 300, 307, 532 P.3d 404, 411 (2023) (quoting I.A.R. 35(a)(6)). "At its core, 'an appeal is a formalized analysis of alleged legal error.'" *Dorr v. Idaho Dep't of Lab.*, 171 Idaho 306, 309, 520 P.3d 1266, 1269 (2022) (quoting *Est. of Ekic v. Geico Indem. Co.*, 163 Idaho 895, 897, 422 P.3d 1101, 1103 (2018)). "If an appellant fails to 'assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by this Court.'" *PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018) (quoting *Bettwieser v. N.Y. Irrigation Dist.*, 154 Idaho 317, 323, 297 P.3d 1134, 1140 (2013)).

Here, Smith generally challenges multiple orders of the district court. Yet, Smith wholly failed to identify or argue any specific legal or evidentiary error made below. While at points Smith acknowledges the district court's decisions rejecting those motions, he does not address the court's specific factual findings or legal analysis supporting those decisions or provide cogent argument or authority demonstrating any error in such findings or analysis. Furthermore, while Smith acknowledges the discretionary nature of several of the decisions at issue on appeal, he fails to articulate the abuse of discretion prong challenged for these decisions. *See Midtown Ventures, LLC v. Capone*, 173 Idaho 172, 180, 539 P.3d 992, 1000 (2023) ("Though this Court does not impose

7

a formalistic requirement that the standard of review be recited and the party claiming error attack a particular prong of that standard of review, the failure to articulate the abuse of discretion prong challenged and put forth an argument under that prong is fatal." (citation modified)). Therefore, Smith's assignments of error are too indefinite to be considered by this Court.

We emphasize that Smith cannot claim ignorance of Idaho's appellate rules. As we noted in *Idaho State Bar v. Smith*, Smith has "repeatedly faced admonition and sanction from this Court" since 2004 due to his failure to support his appellate briefs with cogent legal argument. 170 Idaho 534, 554, 513 P.3d 1154, 1174 (2022); *see, e.g.*, *Elsaesser v. Riverside Farms, Inc.*, 170 Idaho 502, 504, 513 P.3d 438, 440 (2022) ("Although the denial of the motion for reconsideration is subject to an abuse of discretion standard, Riverside [which was represented by Smith] did not address any of the *Lunneborg* factors or make any other cogent argument as to how the district court abused its discretion in its opening brief." (citing *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018); remaining citation omitted)); *Alpha Mortgage Fund II v. Drinkard*, 169 Idaho 446, 454, 497 P.3d 200, 208 (2021) (awarding sanctions against Smith for "flout[ing] Idaho Appellate Rules and the standard for good faith appeals"); *Smith v. Smith*, 164 Idaho 46, 53, 423 P.3d 998, 1005 (2018) (explaining Smith "has failed to show that the district court incorrectly applied well-established law" and failed to provide any "cogent argument as to why his claims . . . are not clearly barred by *res judicata*"); *Sprinkler Irrigation Co. v. John Deere Ins. Co.*, 139 Idaho 691, 698, 85 P.3d 667, 674 (2004) (awarding sanctions against Smith for failing to direct the Court to specific portions of the record and failing "to conduct a reasonable inquiry that the appeal be well grounded in fact and warranted by existing law").

Three other procedural missteps made by Smith warrant further discussion. When this Court granted the PR's attorney's motion to dismiss the appeal of the district court's order denying Smith's motion to disqualify the PR's attorneys, the issue of whether the PR's attorneys owed a fiduciary duty to Smith as a beneficiary of the Estate was also dismissed. While Smith acknowledged that this issue was dismissed in his briefing, he still opted to present argument on this issue notwithstanding this Court's order. Next, while he challenged the district court's order awarding his brother sanctions due to Smith's filing of the third motion to disqualify the district court judge, Smith failed to designate his brother as an adverse party in the operative notice of appeal as required by Idaho Appellate Rule 17(d). Finally, Smith's arguments challenging the district court's Rule 70(b) judgment from 2017 were not presented below—which Smith

acknowledged in his briefing—and the circumstances in this case do not warrant an exception to our preservation doctrine. Therefore, these issues were not properly presented to this Court for review.

For these reasons, we conclude that Smith has waived all his arguments on appeal. Therefore, the district court's orders and judgment are affirmed.

### C. The PR is entitled to attorney fees on appeal.

The PR requests an award of attorney fees under Idaho Code section 12-121. "Under Idaho Code section 12-121, an award of attorney fees on appeal 'is appropriate when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation.'" *Urrutia v. Harrison*, 156 Idaho 677, 682, 330 P.3d 1035, 1040 (2014) (quoting *Karlson v. Harris*, 140 Idaho 561, 571, 97 P.3d 428, 438 (2004)). "When an appellant fails to present a cogent argument as to why he should prevail, an award to his opponent is appropriate." *Millard v. Talburt*, 173 Idaho 533, 550, 544 P.3d 748, 765 (2024) (quoting *Turner v. Turner*, 155 Idaho 819, 827, 317 P.3d 716, 724 (2013)).

Even though he presented four lengthy briefs in this consolidated appeal, Smith has done nothing more than ask this Court to second-guess the conclusions of the district court and has provided no argument on which reversal of the district court's orders could be based. Because this appeal was brought frivolously, unreasonably, and without foundation, we award attorney fees to the PR under Idaho Code section 12-121.

### III.    CONCLUSION

Inasmuch as the issues presented by Smith were not properly preserved for appeal due to his failure to comply with the Idaho Appellate Rules, the challenged orders and judgment are affirmed. The PR is entitled to attorney fees and costs on appeal.

Chief Justice BEVAN and Justices BRODY and MOELLER CONCUR.

Pro Tem Justice SCHROEDER sat for oral argument, but did not participate in the Opinion.